# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| LASHAWN CHARLES | ) | |
| | ) | |
| PLAINTIFF, | ) | Case No.  2:25-cv-11866-BHH-MHC |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN PHELAN, SECRETARY, | ) | COMPLAINT |
| DEPARTMENT OF NAVY, | ) | JURY DEMAND |
| | ) | |
| | ) | Date:  August 29, 2025 |
| DEFENDANT. | ) | |
| ———————————————— | ) | |

RCVD - USDC - CHAS, SC
2025 SEP 2 AM 11:58

## COMPLAINT (Title VII, Rehabilitation Act, ADEA)

(Jury Trial Demanded on All Issues So Triable)

Plaintiff LaShawn D. Charles ("Plaintiff" or "Ms. Charles") alleges as follows:

I. NATURE OF THE ACTION

1. This is an action for discrimination, failure to accommodate, hostile work environment, and retaliation in federal employment, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e  16; Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791; and the Age Discrimination in Employment Act (ADEA) federal   sector provision, 29 U.S.C. § 633a.

2. Ms. Charles, an African   American woman over 40 with covered disabilities, worked as an Administrative Specialist/Personnel Management Advisor ("PMA") at the Naval Information Warfare Center ("NIWC") Atlantic in Charleston, South Carolina. The

Department of the Navy subjected her to discriminatory and retaliatory actions and a hostile work environment—including revoking and denying telework while she was under a doctor's care, threatening AWOL on the day of surgery, degrading treatment by customers, removal from key duties, manufactured counseling, increased surveillance, and discipline temporally linked to EEO activity.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331. Remedies are available under 42 U.S.C. § 2000e  16(c) & § 1981a; 29 U.S.C. §§ 633a(c), 794a(a)(1).

4. Venue is proper in this District because the events giving rise to these claims occurred at NIWC Atlantic in Charleston, South Carolina.

## III. PARTIES

5. Plaintiff LaShawn D. Charles is an African  American female, born in 1972, who during the relevant period was employed by the Navy as a PMA at NIWC Atlantic in Charleston, South Carolina.

6. Defendant is John Phelan, the Secretary of the Department of the Navy, sued in his official capacity only. The Secretary is the proper defendant in federal  sector Title VII, Rehabilitation Act, and ADEA actions. Secretary Phelan was sworn in as the 79th Secretary of the Navy on March 25, 2025.

## IV. EXHAUSTION AND TIMELINESS

7. Ms. Charles timely contacted an EEO counselor, filed a formal EEO complaint (DON  20  65236  01492) on May 12, 2020, and requested a hearing. After a multi  day hearing in June 2022, the Administrative Judge issued a decision on August

22, 2023; the Agency issued its Final Order adopting that decision on October 3, 2023. Ms. Charles timely appealed to the EEOC Office of Federal Operations ("OFO"), which affirmed the Agency's order on June 3, 2025, and issued a Statement of Rights to file a civil action within 90 days of receipt. This suit is filed within 90 days of receipt.

8. Ms. Charles has satisfied all administrative prerequisites for suit.

## V. FACTUAL ALLEGATIONS

### A. Protected Status and EEO Activity

9. Ms. Charles is African  American and female, over 40, and has physical and mental impairments substantially limiting one or more major life activities, including immune deficiencies, chronic sinusitis, pancreatitis, chronic allergies, anxiety, migraines, and depression.

10. She engaged in protected EEO activity beginning in 2019, including opposing harassment and filing EEO complaints and appeals.

### B. Telework Revocation, Denial/Delay of Accommodation, and AWOL Threat at Surgery

11. Ms. Charles worked under an approved ad  hoc telework agreement through June 2019 while under medical care. On June 12, 2019, first  line supervisor Djuna Sample (Supervisor) revoked Ms. Charles's telework, citing "training" and performance rationales Ms. Charles disputes. Training could have been provided while teleworking; the Agency offered shifting justifications and failed to document the alleged deficiencies.

12. On August 12, 2019, Ms. Charles sought FMLA and a reasonable accommodation (telework) backed by medical documentation; the Agency failed to provide an interim

accommodation and delayed action until after she withdrew and re submitted, despite an available telework modality and no undue hardship.

13. On August 28, 2019—the day of Ms. Charles's surgery—Sample issued a warning and threatened AWOL, despite knowledge of Ms. Charles's FMLA/medical status.

14. C. Degrading Customer Conduct, Removal from Duties, Heightened Surveillance, and Discipline

15. In December 2019, NIWC customer George Willman demeaned Ms. Charles and pressed for actions Ms. Charles believed violated federal hiring rules; on January 9, 2020, he sent a three page complaint attacking her work; on January 20, 2020, Ms. Charles learned meetings were being recorded and information circulated.

16. On February 11, 2020, management removed Ms. Charles as Overseas POC shortly after she complained of harassment, replacing her with a white female and telling Ms. Charles she would "work behind the scenes" while others would be the "face/voice" to customers.

17. On February 18, 2020, she was reassigned to the Student Intern/New Professional team—under Sample's program—despite her prior EEO complaint against Sample; on February 27 and March 5, 2020, she was verbally counseled and told to cease Overseas work, then on March 15 asked to resume assistance but barred from replying to emails.

18. On March 16, 2020, Ms. Charles was threatened with insubordination when she asked for duty clarification; on March 27, 2020, she was threatened with AWOL during a period of documented systems issues; on April 1, 2020, she was yelled at and again accused of insubordination.

19. Beginning April 13–17, 2020, supervisor Rosanna Collier demanded twice   weekly workload summaries (beyond standard reporting) even after being informed of continuing system issues, increasing scrutiny not imposed on comparators.

20. Ms. Charles repeatedly opposed harassment and discrimination in writing in April 2020; on or about May 12–13, 2020, immediately following her formal EEO filing, she received a Letter of Reprimand referencing the very emails containing her protected oppositional activity.

## D. Adverse Effects

21. The cumulative conduct materially altered the terms and conditions of employment and would dissuade a reasonable person from engaging in EEO activity. Ms. Charles suffered pecuniary and non   pecuniary harm, including economic losses, emotional distress, and reputational harm.

## VI. CLAIMS FOR RELIEF

COUNT I – TITLE VII (Race and Sex Discrimination, Hostile Work Environment, and Retaliation)

(42 U.S.C. § 2000e   16)

21–30. Plaintiff re   alleges paragraphs 1–20.

31. Disparate Treatment/Hostile Work Environment. Because of race and/or sex, Defendant (through supervisors and customers whose conduct was imputed to management) subjected Ms. Charles to revocation/denial of telework, AWOL threats, demeaning treatment, removal from

key duties, heightened surveillance, and differential discipline, creating a hostile environment that was severe or pervasive and/or materially adverse. See chronology supra (¶¶ 11–19).

32. Retaliation. Defendant took materially adverse actions closely following Ms. Charles's EEO activity—including removal from duties, restrictions on communications, escalated monitoring, and a Letter of Reprimand—because she opposed discrimination and participated in the EEO process. See ¶¶ 15–19.

COUNT II – REHABILITATION ACT § 501 (Disability Discrimination, Failure to Accommodate, Hostile Work Environment, and Retaliation)

(29 U.S.C. § 791; 29 U.S.C. § 794a)


33–41. Plaintiff re   alleges paragraphs 1–32.

42. Ms. Charles is a qualified individual with disabilities who could perform the essential functions of her PMA position with or without reasonable accommodation.

43. Defendant failed to reasonably accommodate Ms. Charles and unreasonably delayed providing telework as an accommodation despite medical support and no undue hardship, and instead revoked/denied telework and threatened AWOL on the day of surgery. See ¶¶ 11–13.

44. Defendant also subjected Ms. Charles to disability   based harassment and retaliated against her for requesting accommodations and engaging in protected EEO activity, as alleged above.

COUNT III – ADEA (Age Discrimination, Hostile Work Environment, and Retaliation)

(29 U.S.C. § 633a)

45–52. Plaintiff re  alleges paragraphs 1–44.

53. Because of age (born 1972), Defendant treated Ms. Charles less favorably than similarly situated, substantially younger or non  protected employees, removed her from duties, and subjected her to hostile environment and retaliatory actions proximate to protected activity, as alleged above. See ¶¶ 15–19; administrative filings noting over  40 status and age  based allegations.

VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Declare that Defendant violated Title VII, the Rehabilitation Act, and the ADEA.

B. Enjoin Defendant from further discrimination, retaliation, and hostile work environment.

C. Order restoration of duties and opportunities; purge and expunge the Letter of Reprimand, five-day suspension and any related adverse records; and provide other make  whole equitable relief.

D. Award back pay, front pay (or reinstatement to equivalent conditions), and benefits, with interest.

E. Award compensatory damages for emotional distress and other non  pecuniary losses under Title VII and the Rehabilitation Act (no punitive damages are sought against the United States).

F. Award reasonable attorney's fees and costs under 42 U.S.C. § 2000e  5(k) and 29 U.S.C. § 794a.

G. Grant all other relief the Court deems just and proper.

Plaintiff demands a jury trial on all issues so triable (including damages under Title VII and the

Rehabilitation Act). See 42 U.S.C. § 1981a(c).

Respectfully submitted,

LaShawn Charles
2501 Wood Creek Ct.
Dacula, GA 30019
Phone: (843) 693-4405
Email: lovinglife_45@icloud.com